## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**SARAH PERRON,**                                                      **CIVIL ACTION NO.**
**Tutrix on Behalf of Her Minor Child, MFJ**

                                                                       **20-221-BAJ-EWD**

**VERSUS**

**JEFF TRAVIS, ET AL.**

## RULING AND ORDER

Before the Court is a Motion for Extension to File Discovery ("Motion"),  filed by Plaintiff Sarah Perron ("Plaintiff"), which seeks a 15-day extension of the extended fact discovery deadline (February 15, 2022) for Plaintiff to obtain responses to discovery requests made verbally and/or informally to Defendants Jeff Travis and Cullen Wilson (the "Sheriff Defendants") after the February 1 and February 2, 2022 depositions of Cullen Wilson, Lori Bell, and Mark Kemp ("February Depositions").[1] The Motion is opposed by the Sheriff Defendants.[2]  The issues are fully briefed and oral argument is not necessary.[3]  The Motion will be denied because Plaintiff has failed to show good cause to amend the Scheduling Order to further extend the fact discovery deadline.

## I.    BACKGROUND

Plaintiff filed this civil rights action on April 9, 2020, on behalf of her minor child related to the death of Myron R. Flowers ("Flowers").  Plaintiff alleges that Flowers "died at the hands of the East Feliciana Parish Sheriff's Office and the Town of Clinton and their Police Department on April 12, 2019."[4]  According to the Complaint, Flowers was killed by Defendant Deputy Cullen

---

[1] R. Doc. 65.
[2] R Doc. 70.
[3] *See* Local Rule 78(b), which provides that oral argument is allowed only when ordered by the Court.
[4] R. Doc. 1, ¶ A(5).

Wilson after Wilson stopped Flowers' vehicle.[5] Plaintiff also alleges a pattern of constitutional

violations by Defendants.[6] A timeline of events in the case is helpful to the analysis of Plaintiff's

Motion:

| | |
|---|---|
| April 9, 2020 | Complaint filed[7] |
| April 13, 2020 | Scheduling conference order issued, setting conference for June 11, 2020[8] |
| May 28, 2020 | Scheduling conference continued to August 20, 2020 because all defendants have not appeared |
| June 26, 2020 | Plaintiff submits summonses[9] |
| July 8, 2020 | Plaintiff's Motion for Extension of Time to Effect Service is granted[10] |
| August 5, 2020 | Plaintiff's Motion to Continue Scheduling Conference is granted; scheduling conference rescheduled for September 24, 2020[11] |
| September 17, 2020 | September 24, 2020 scheduling conference canceled because Defendants Lori Bell and the Board of Aldermen have not appeared and pending motion to dismiss requests dismissal of Plaintiff's claims against the Town, as well as Lori Bell and the Board of Aldermen.[12] |
| March 29, 2021 | Defendants' Motions to Dismiss are granted in part.  Plaintiff's claims against Cullen Wilson and Lori Bell, in their official capacities, as well claims against the Board of Aldermen, are dismissed with prejudice. Plaintiff's *Monell* official policy claims are dismissed without prejudice. Plaintiff is given thirty (30) days to file amended complaint.[13] |
| June 8, 2021 | Scheduling conference order issued[14] |

---

[5] R. Doc. 1, ¶ C.
[6] R. Doc. 1, ¶ D.
[7] R. Doc. 1.
[8] R. Doc. 3.
[9] R. Docs. 10-15.
[10] R. Docs. 16-17.
[11] R. Docs. 26-27.
[12] R. Doc. 40.
[13] R. Docs. 28, 29, 35 & 43.  No amended complaint is filed.
[14] R. Doc. 46.

| | |
|---|---|
| July 22, 2021 | Joint Status Report filed[15] |
| August 4, 2021 | Scheduling order issued with dates proposed in Status Report[16] |
| August 23, 2021 | Sheriff Defendants file Motion to Compel Plaintiff's responses to discovery propounded June 2, 2021[17] |
| August 24, 2021 | Town of Clinton files Motion to Compel Plaintiff's responses to discovery propounded May 26, 2021[18] |
| August 26, 2021 | Telephone conference held on Motions to Compel.  Plaintiff's counsel admits difficulty contacting client.  Plaintiff is ordered to produce discovery responses by no later than September 3, 2021[19] |
| October 5, 2021 | Town of Clinton files motion for sanctions for failure to comply with Court Order[20] |
| October 6, 2021 | Sheriff Defendants file motion for sanctions for failure to comply with Court Order[21] |
| October 12, 2021 | Telephone conference held on Motions for Sanctions. "Plaintiff's counsel explained the reasons for her failure to timely respond to discovery and/or comply with the August 26 Order, as extended, which included personal issues, continued difficulty contacting her client, who was impacted by Hurricane Ida, workforce issues, etc." Court expresses concern about possible pattern of Plaintiff's counsel's inability to meet deadlines. Motions for sanctions terminated as discovery responses were provided October 12, 2021."[22] |
| January 13, 2022 | Plaintiff files Motion for Extension requesting an extension of thirty days to complete fact discovery[23] |
| January 18, 2022 | Telephone conference held on Plaintiff's Motion for Extension. After discussion, the Motion for Extension is granted over defense objection, but it was noted during the telephone conference that Local Civil Rule 26(d) restricted Plaintiff's ability to serve written discovery during the extension because it would not be due until |

---

[15] R. Doc. 47.
[16] R. Doc. 49.
[17] R. Doc. 52.
[18] R. Doc. 53.
[19] R. Doc. 54.
[20] R. Doc. 56.
[21] R. Doc. 57.
[22] R. Doc. 59.
[23] R. Doc. 61.

|                    | after the February 15, 2022 extended discovery deadline even if propounded the date of the conference.[24] |
| February 15, 2022  | Instant Motion filed by Plaintiff seeking to obtain responses to discovery requests made verbally and/or informally to the Sheriff Defendants after the February Depositions[25] |
| February 18, 2022  | Telephone conference held on Plaintiff's Motion.  The parties were instructed to confer and for Plaintiff to withdraw the Motion if resolved.  The Sheriff Defendants were instructed to file opposition memorandum if the issues were not resolved.[26] |
| March 8, 2022      | Sheriff Defendants file opposition memorandum to Motion[27] |

## II.  LAW AND ANALYSIS

### A.  Standard for Amendment of Scheduling Order

Rule 16(b) requires good cause to amend a scheduling order deadline. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[28]

### B.  Plaintiff's Motion Will Be Denied

This case, which involves serious allegations that Flowers was killed by law enforcement officers, had been pending for almost two years when Plaintiff's Motion to extend the fact discovery deadline was filed.  Fact discovery in this matter could have proceeded as early as September 3, 2020, since the parties were required by the Court's original Scheduling Conference Order to conduct their Fed. R. Civ. Proc. 26(f) conference twenty-one (21) days before the September 24, 2020 scheduling conference.[29]  Even if the parties chose to postpone fact discovery

---

[24] R. Doc. 63.
[25] R Doc. 65.
[26] R. Doc. 67.
[27] R. Doc. 70.
[28] *S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003), quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990).
[29] R. Docs. 3 & 27.  It appears the parties conducted the Rule 26(f) conference because they filed a Joint Status report on September 10, 2020.  R. Doc. 37.

pending resolution of the Defendants' Motions to Dismiss, those motions were ruled on by the Court on March 29, 2021,[30] at which time fact discovery could have resumed. By August 4, 2021, the Court had issued a Scheduling Order adopting the proposed dates submitted by the parties, including a January 15, 2022 fact discovery deadline.[31] Discovery appears to have been proceeding by August 2021 because Plaintiff was the subject of motions to compel, filed in early August 2021 by the Sheriff Defendants and the Town of Clinton Defendants.[32]  Plaintiff was given more time to respond to Defendants' discovery requests.[33] Plaintiff then failed to timely respond to Defendants' discovery requests, as ordered, so Defendants filed motions for sanctions in October 2021.[34]  Plaintiff's counsel explained the difficulties encountered timely providing discovery responses, which was accepted by the Court and sanctions were not imposed on Plaintiff at that time.[35] In January 2022, Plaintiff asked to extend the fact discovery deadline, which was opposed by Defendants.[36] Notwithstanding the defense objection, Plaintiff's request to extend the fact discovery deadline was granted during a telephone conference with the parties, but it was specifically noted that Plaintiff would not be able to serve written discovery during the extension under Local Civil Rule 26 because the discovery would not be due before the extended discovery deadline, even if propounded the date of the telephone conference.[37]

    This Court is sensitive to the myriad challenges that can face lawyers trying to meet deadlines in a case, particularly those in small firms and solo practitioners, who often lack the

---

[30] R. Doc. 43.
[31] R. Docs. 47 & 49.
[32] R. Docs. 52 & 53.
[33] R. Doc. 54.
[34] R. Docs. 56 & 57.
[35] R. Doc. 59.
[36] R. Doc. 61. According to the Sheriff Defendants, Plaintiff had not propounded any written discovery as of January 13, 2022 when she filed the motion requesting extension of the fact discovery deadline, nor did Plaintiff do so at any time in the litigation.  R. Doc. 70, pp. 2-3; and *see* R. Doc. 70-2, p. 1 ("It is also undisputed that Plaintiff has not propounded any written discovery to Sheriff Defendants or any other defendant at any point during this litigation.").
[37] R. Doc. 63.

additional support of a large firm, but Plaintiff has had ample opportunity to complete fact discovery in this matter, notwithstanding limitations necessitated by the COVID-19 pandemic, Hurricane Ida, and any personal or professional issues. The timeline of events establishes that Plaintiff has been given multiple extensions related to fact discovery, such that she cannot show her diligence in attempting to meet even the extended fact discovery deadline, particularly not where, as here, Plaintiff never formally propounded any formal written discovery.

Additionally, Plaintiff asserts that the purpose of the requested extension is to permit her to obtain responses to discovery requests made verbally and/or informally to the Sheriff Defendants after the February Depositions.[38]  However, the Sheriff Defendants have represented that they have provided all responsive information, notwithstanding that Plaintiff never propounded formal discovery requests.[39] Plaintiff did not seek leave to respond to the assertions in the Sheriff Defendants' opposition memorandum that they have provided all responsive information.  If, as the Sheriff Defendants state, there is no additional responsive information yet to be produced, this also militates against a finding of good cause to further extend the fact discovery deadline for Plaintiff to obtain responses from the Sheriff Defendants.[40]

---

[38] R. Doc. 65.  Specifically, Plaintiff alleges that upon completion of the February Depositions, "Plaintiff requested from the Defendants a copy of the policies and procedures if any on, the use of force, Traffic stops, disciplinary matters regarding personnel.  The written agreement with the Delta Task Force and their policies and procedures on the use of force. The full and complete video of the shooting/incident that was recorded on April 12, 2019.  All photographs of the scene; Video interview of Dy. Cullen Wilson and officer Richard Baudoin; Facebook postings, Instagram Postings and cell log for the Months of March, April, September 2019 of Dy Wilson.  A copy of the log of Complaints against the Sheriff's office and the Town of Clinton department FY 2015-2022.  All complaints lodged against the former and current Chief of Police for the Town of Clinton FY 2015-2022."  R. Doc. 65.
[39] According to the Sheriff Defendants, they fully satisfied all discovery obligations and requirements and "produced all items" within their possession, custody, or control, responsive to Plaintiffs' requests, although the requests were not formal discovery requests.  R. Doc. 70.
[40] Even if the discovery deadline were extended as Plaintiff requests, the Sheriff Defendants have represented that they have provided all responsive information, and a motion to compel would not be available to Plaintiff because the discovery requests were not formally propounded in accordance with the Federal Rules of Civil Procedure.  *See Drake v. Danos and Carole Marine Contractors*, No. 04-3522, 2005 WL 8174003, at * 2 (E.D. La. July 22, 2005) (noting informal discovery requests are not proper for a motion to compel).

### III. CONCLUSION

Because Plaintiff has not shown good cause to further extend the fact discovery deadline,

**IT IS ORDERED** that Motion for Extension to File Discovery, filed by Plaintiff Sarah Perron ("Plaintiff"), which seeks a 15-day extension of the extended fact discovery deadline for Plaintiff to obtain responses to discovery requests made verbally and/or informally to Defendants Jeff Travis and Cullen Wilson after the depositions of Cullen Wilson, Lori Bell, and Mark Kemp,[41] is **DENIED.**

Signed in Baton Rouge, Louisiana, on September 21, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[41] R. Doc. 65.