UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SARAH PERRON                                              CIVIL ACTION
on behalf of real party in interest MFJ

VERSUS                                                    NO. 20-221-BAJ-EWD

JEFF TRAVIS, ET AL.

## RULING AND ORDER

Before the Court is a Motion to Substitute Party, filed by Plaintiff Sarah Perron, which seeks to substitute "Richard Baudoin Estate" for Defendant Richard Baudoin ("Baudoin"), who died during the pendency of this lawsuit.[1] Defendant Town of Clinton ("Clinton") opposes the Motion.[2] Because the Motion fails to name a proper person to be substituted as a legal representative, and fails to meet the procedural requirements of Fed. R. Civ. Proc. 25, the Motion will be denied without prejudice.

**I.   BACKGROUND**

Plaintiff filed her Complaint against Defendants Jeff Travis, East Feliciana Parish Sheriff; Clinton; Lori Ann Bell, Mayor of Clinton; Cullen J. Wilson ("Wilson"); Baudoin, and two fictitious insurance companies, on April 9, 2020, alleging violations of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights arising out an incident where Defendants Wilson and Baudoin, both law enforcement officers, shot and killed Myron Flowers during a traffic stop.[3] On September 8, 2022, counsel for Clinton and Baudoin filed a Suggestion of Death Upon the Record, stating that Baudoin died on May 17, 2021.[4] Consistent with Fed. R. Civ. Proc. 25, the Court required any

---

[1] R. Doc. 106.
[2] R. Doc. 107.
[3] R. Doc. 1. The Complaint alleges that Plaintiff is the tutrix of Flowers' minor child. R. Doc. 1, ¶ 5.
[4] R. Doc. 74.

motion to substitute a party for Baudoin to be filed by no later than December 7, 2022.[5] Plaintiff timely filed the instant Motion, which requests that "Richard Baudoin Estate" be substituted for Baudoin. Clinton objects to the Motion, arguing that Plaintiff has failed to name a proper person to be substituted as a legal representative for Baudoin and has failed to follow the procedural requirements of Rule 25. Clinton notes that the Suggestion of Death was personally served on Baudoin's living heirs, Ashleigh Baudoin and Madison Baudoin, on September 14 and 15, 2022, respectively.[6]

**II.    LAW AND ANALYSIS**

Rule 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Although Rule 25 is procedural; whether a deceased party's claim has been "extinguished" and who is a "proper party" for substitution are questions of substantive law.[7] Where, as here, subject matter jurisdiction is based on a federal question, federal law and federal decisions, rather than state law, determine whether the action survives the death of a party."[8] No party addresses whether Plaintiff's claims against Baudoin can be maintained against his legal representative(s). However, it is not necessary to reach this issue because Plaintiff has not established the proper legal representative(s), nor has she followed the procedural requirements of Rule 25.

Courts are split on whether to apply state law or federal law in determining proper parties

---

[5] R. Doc. 76.
[6] R. Doc. 107, citing Notices of Service at R. Docs. 79 and 80.
[7] *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971). *See also Charles Alan Wright, Arthur R. Miller & Mary Kay Kane*, 7C Federal Practice and Procedure § 1952 (3d ed. 2007) ("Whether the death of a party extinguishes a claim for or against the party is not a question of procedure. It is a question of substance on which the state law ordinarily governs.").
[8] *Harvey v. United States*, No. 21-4, 2022 WL 4653739, at *2 (N.D. Tex. Mar. 28, 2022), citing *Charles Alan Wright, Arthur R. Miller & Mary Kay Kane*, 7C Federal Practice and Procedure § 1952 (3d ed. 2007).

for substitution.⁹ Under federal law, a proper party is one who qualifies as a successor, a representative, or a distributee.¹⁰ Under Louisiana law, a proper party for substitution is defined in Louisiana Code of Civil Procedure article 801 as the deceased party's "legal successor."¹¹ Legal successor depends on whether the succession is under administration.¹² If a succession has been opened, the legal successor is the succession representative appointed by a state court. If the succession has not been opened, the legal successors are the heirs and legatees of the deceased.¹³ Here, Plaintiff simply requests to substitute "Richard Baudoin Estate" for Baudoin, but she does not explain how that is the proper party, nor does substitution of an "estate" appear to align with the jurisprudence for a proper party under either state or federal law.¹⁴

Additionally, Plaintiff's Motion fails to meet the procedural requirements of Rule 25. A notice of hearing was supposed to accompany the motion to substitute and both are required to be served on nonparties as provided under Fed. R. Civ. Proc. 4.¹⁵ Plaintiff has not established these

---

⁹ *See, e.g.*, *Janvey v. Adams & Reese, LLP*, No. 12-495, 2014 WL 12834493, at *3 (N.D. Tex. Oct. 3, 2014) ("[A] number of courts interpreting Rule 25 to include distributees within the term 'successors' have done so without any reference to state law."); *Washington v. Louisiana*, No. 11-334, 2013 WL 4048561, at *2 (M.D. La. Aug. 9, 2013) ("[I]n order to qualify as a proper substitute plaintiff for his deceased wife, Mr. Washington must qualify as either successor or representative of his wife's estate."); *Blassingill v. Reyes*, No. 17-3415, 2018 WL 4922442, at *2 (N.D. Tex. Sept. 18, 2018), report and recommendation adopted, 17-3415, 2018 WL 4913881 (N.D. Tex. Oct. 9, 2018) (applying Texas law to determine proper parties for substitution).
¹⁰ *See, e.g., Washington*, 2013 WL 4048561, at *2; *McSurely v. McClellan*, 753 F.2d 88, 99 (D.C. Cir. 1985); *In re Baycol Prod. Litig.*, 616 F.3d 778, 784 (8th Cir. 2010).
¹¹ *Martin v. Edwards*, No. 19-44, 2021 WL 981605, at *2 (E.D. La. Mar. 16, 2021), citing *In re Katrina Canal Breaches Consol. Litig.*, No. 10-866, 2012 WL 1247213, at *3 (E.D. La. Apr. 13, 2012).
¹² La. Code Civ. Proc. art. 801.
¹³ *Id.* Under La. Code Civ. Proc. art. 801, a motion to substitute for a deceased party must include proof of quality, such as an affidavit of death and heirship or a judgment of possession. *Kemper v. Don Coleman, Jr., Builder, Inc.*, 746 So. 2d 11, 15 (La. App. 2 Cir. 1999); *Austrum v. City of Baton Rouge*, 252 So. 2d 434, 438 (La. 1973) (approving the trial court's substitution of the heirs of the decedent as plaintiffs based on "an ex parte written motion supported by a duly notarized affidavit of two persons as to the death and heirship of the deceased.").
¹⁴ In *Metropolitan Christian Methodist Episcopal Church v. Barnabas Investors, Inc.*, No. 08-2797, 2010 WL 4200012, at *2, n.1 (S.D. Tex. Jan. 29, 2010), the court noted that a decedent's estate had been substituted under Rule 25, but there is no analysis for how that court concluded the "estate" was a proper party; *see also, Time Insurance Co. v. White*, No. 08-16, 2010 WL 11681348 (S.D. Miss. Aug. 17, 2010) (permitting substitution of decedent's "estate" under Mississippi law, although no succession had been opened).
¹⁵ Fed. R. Civ. Proc. 25(a)(3) "A motion to substitute, together with a notice of hearing, must be served…on nonparties as provided in Rule 4…").

3

procedural requirements. A notice of hearing was not filed with the Motion, nor is there proof of service on any nonparties.[16]

### III. CONCLUSION

As Plaintiff Sarah Perron has failed to establish the proper party to be substituted for Defendant Richard Baudoin and has failed to follow the procedural requirements of Fed. R. Civ. Proc. 25, **IT IS ORDERED** that her Motion to Substitute Party,[17] is **DENIED WITHOUT PREJUDICE** to reurging a motion that identifies the proper party to be substituted for Baudoin and that complies with Fed. R. Civ. Proc. 25 by no later than **February 24, 2023**.

Signed in Baton Rouge, Louisiana, on January 24, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] The case law is not clear as to the proper time period within which a motion to substitute must be served. For example, in *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971), the Court looked to state law to supply the time period for service, however, in that case, subject matter jurisdiction was based on diversity such that state substantive law applied. *See also*, *Aim Business Capital LLC v. Reach Out Disposal LLC,* No. 13-241, 2015 WL 1208587 (W.D. La. March 16, 2015) (citing *Ransom* for the proposition that "Rule 25 does not prescribe the time within which a motion to substitute must be filed and Rule 4 does not contain a time limit for service."). La. Code Civ. Proc. art. 803 provides that "when the name and address of the legal successor is known, and he is a resident of the state, he shall be summoned to appear and substitute himself for the deceased party within thirty days of the date the summons is served on him." Federal courts have not imposed the ninety-day time period in Rule 4(m) for service under Rule 25. The uncertainty surrounding this issue lends itself to granting Plaintiff the opportunity to correct the errors in her Motion, especially considering that the Court has discretion under Fed. R. Civ. Pro. 6(b) to grant extensions of time to file a motion for substitution under Rule 25 "when circumstances justify such extensions." *See, Collins v. Stalder*, No. 06-163, 2011 WL 1753054, at * 2 (M.D. La. Mar. 15, 2011), citing *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2nd Cir. 1998). *See also, Smith v. Sackett*, No. 22-1306, 2022 WL 4127164 (E.D. La. Aug. 24, 2022), and cited cases.
[17] R. Doc. 106.